IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>DAVID LIN,<br><br>　　　　　Defendant. | NO. CR 11-0393 TEH<br><br>ORDER ON MOTIONS IN LIMINE |

After careful consideration of the parties' written arguments on their motions in limine, the Court now rules as follows:

*United States' Motion In Limine No. 1*

The United States moves to preclude the defense from eliciting any out-of-court statements made by Defendant David Lin ("Defendant" or "Lin") from any government or lay witness who may testify at trial, from Lin himself, should he elect to testify, or from any third-party witnesses the defense may seek to call at trial. Being unopposed, this motion is hereby GRANTED. However, at the pretrial conference held on April 16, 2012, Defendant voiced his concern that the statements conform with the rule of completeness, and the Court's ORDER that the parties meet and confer on this issue stands as issued orally on that date.

*United States' Motion In Limine No. 2*

The United States moves to preclude any mention of the possible penalties faced by Defendant at any point during trial. Defendant has no objection to this motion, but wishes to preserve his right to cross-examine those witnesses who have cooperated with the government in exchange for a reduction in their own criminal penalties on the benefit of their

1 cooperation with the government. This may involve cross-examination of these witnesses on
2 the penalties faced by the witnesses themselves, but, so long as the testimony does not stray
3 into the penalty faced by the Defendant himself, the government has no objection.
4 Accordingly, the motion is GRANTED, and no mention of the possible penalty faced by
5 Defendant Lin shall be made at any point during the trial. However, evidence concerning the
6 penalties (though not the specific charges) faced by those witnesses who received a reduction
7 in penalty in exchange for their cooperation is not to be barred by the granting of this motion.

*United States' Motion In Limine No. 3*

The United States, in its third motion in limine, argues that the defendant should be precluded from arguing, or presenting evidence to support, either (1) that the investors could, or should have been more diligent in their dealings with the defendant or (2) that the investors did not, in fact, rely on the misstatements allegedly made to them by the defendant. Defendant relies on the standard for materiality articulated in *Neder v. United* States, which dictates that a "false statement is 'material' if it has a natural tendency to influence, or is capable of influencing, the decision of the decision-making body to which the false statement was made or addressed." 527 US 1, 16 (1999).

The Court rules on this motion only tentatively, finding that the United States is correct in asserting that the gullibility or lack of due diligence of investors, and their actual reliance, is not relevant to the question of culpability for the charged offenses. However, the Court further finds that Defendant has a right to examine the nature of the "decision-making body to which the false statement was made or addressed." The Court tentatively rules to preclude Defendant from presenting evidence of gullibility or lack of due diligence, and further preclude Defendant from presenting evidence regarding investors' lack of actual reliance on the alleged misstatements, but to allow Defendant to examine the sophistication and knowledgability of the investors to whom the alleged misstatements were made, as a means of inquiring into the materiality of the statements and allowing the jury to evaluate whether the statements would, indeed, have had a tendency to influence the investors to

whom the statements were made. This ruling shall be discussed further on **Tuesday, May 1, 2012**, in advance of the start of trial. The parties are further ORDERED TO MEET AND CONFER in advance of that date, in order that they may seek agreement on this issue.

*Defendant's Motion In Limine No. 1*

This motion has been WITHDRAWN.

**IT IS SO ORDERED.**

Dated: 4/23/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT